UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| FRANKLIN H. LAWRENCE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01756-JRS-DLP |
| | ) | |
| U.S. DEPARTMENT OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

**Order on Motion to Dismiss (ECF No. 16)**

Defendant U.S. Department of Education (the "DOE") moves to dismiss *pro se* Plaintiff Franklin H. Lawrence Jr.'s complaint for failure to state a claim upon which relief can be granted and for lack of subject-matter jurisdiction. (ECF No. 16.) The motion, now fully briefed and ripe for decision, is **granted** for the following reasons.

### I. Background[1]

As best as can be discerned from the nearly incomprehensible and frivolous Complaint and associated pleadings, which are peppered with a cacophony of free citizen mantras and claims, Plaintiff incurred a valid debt, attempted to satisfy that debt with non-legal tender, and now complains that his purported payment was not accepted in satisfaction of his debt resulting in the allegedly "fraudulent" garnishment of his wages, all amounting to a deprivation of his constitutional rights under 42 U.S.C. § 1983. More specifically, Plaintiff Franklin H. Lawrence Jr. has student loan

---

[1] Consistent with the Rule 12(b)(6) standard, Plaintiff's non-conclusory allegations are taken as true for purposes of the DOE's motion to dismiss.

1

debt with Defendant DOE, which debt the DOE is collecting via wage garnishment. (Compl. ¶ B, ECF No. 1 at 2.)  On March 3, 2018, Plaintiff unsuccessfully attempted to satisfy this debt by issuing to the DOE a $15,000 "security bond promissory note." (Pl.'s Br. 1, ECF No. 28.)  Plaintiff alleges the note is valid tender pursuant to House Joint Resolution 192.  (*Id.*)

The DOE notified Plaintiff on April 3, 2018 that the "[b]ond for discharge [was] not accepted." (*Id.* at 2.)  Plaintiff then demanded that the DOE "receive the benefits" and that "if any attempt to collect after account 1002064340 is already agreed to be closed, is fraud and shall incur a penalty of $100,000 United States Dollars or 52 Troy Ounces of Gold equivalent." (*Id.*)  (*Id.* at 2-3.)  Plaintiff's wages continue to be garnished to satisfy his debt. (*Id.* at 3.)

## II. Subject-Matter Jurisdiction
## Rule 12(b)(1)

Plaintiff attempts to invoke this Court's federal question jurisdiction under 28 U.S.C. § 1331.  (Compl. ¶ C, ECF No. 1 at 3.)  He cites 42 U.S.C. § 1983 as the basis for his claim that the DOE deprived him of his rights.  (*Id.* at 1; Pl.'s Br. 5, ECF No. 28.)  However, § 1983 actions can only be brought against those acting under the color of *state* law.  42 U.S.C. § 1983; *see London v. RBS Citizens*, N.A., 600 F.3d 742, 745–46 (7th Cir. 2010) (citing *Buchanan–Moore v. Cty of Milwaukee,* 570 F.3d 824, 827 (7th Cir. 2009)) ("In order to state a claim under § 1983, a plaintiff must sufficiently allege that (1) a person acting under color of state law (2) deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.")

2

As Defendant points out, Plaintiff alleges his § 1983 claim against the DOE, a federal agency that operates solely under the authority of federal law. (Def.'s Br. 6, ECF No. 17.) Even Plaintiff, undermining his own claim, cites to H.R.J. Res. 192 (1933), a federal resolution, which he claims authorizes the DOE to accept his security bond as payment for his debt. (Compl. ¶ B, ECF No. 1.) Because Plaintiff has not named a person acting under the color of state law in his Complaint, he cannot maintain a § 1983 claim and this Court cannot exercise jurisdiction over the matter.

Further, there is no basis for the Court to exercise diversity jurisdiction under 28 U.S.C. § 1332, nor any readily apparent basis for federal-question jurisdiction under 28 U.S.C § 1331. *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 513 (2006). While federal-question jurisdiction may be found under such provisions as the Higher Education Act ("HEA"), the Administrative Procedures Act ("APA"), or even the Federal Tort Claims Act ("FTCA"), the Complaint is infirm in invoking these provisions and the Court has no duty to come up with an independent jurisdiction basis for even a *pro se* Plaintiff. Accordingly, the Complaint should be dismissed. *Id.* at 514, *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (wholly insubstantial complaints do not invoke federal subject matter jurisdiction).

### III. Failure to State a Claim
### Rule 12(b)(6)

Even if this Court had jurisdiction over Plaintiff's action, Plaintiff's Complaint (ECF No. 1) still must be dismissed for failure to state a claim upon which relief can be granted. While the Complaint (ECF No. 1) and Brief in Support of Complaint (ECF No. 28) are nearly inscrutable, it appears that Plaintiff asserts claims of fraud

and "deprivation of rights" under 42 U.S.C. § 1983. For the reasons stated above, Plaintiff's § 1983 claim is deficient for failure to identify a state actor. After carefully reviewing Plaintiff's fraud allegations, the Court determines that the pleadings, even construed liberally. are inadequate to state a claim for fraud.

A. *Legal Standard*

To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In considering a Rule 12(b)(6) motion to dismiss, the court takes the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Orgone Capital III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019). The court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "[I]f a plaintiff pleads facts that show its suit [is] barred . . . , it may plead itself out of court under a Rule 12(b)(6) analysis." *Orgone Capital*, 912 F.3d at 1044 (quoting *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995)); *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) (on a motion to dismiss "district courts are free to consider 'any facts set forth in the complaint that undermine the plaintiff's claim'") (quoting *Hamilton v. O'Leary,* 976 F.2d 341, 343 (7th Cir. 1992)).

The defense of sovereign immunity is properly brought under a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). *Meyers v. Oneida Tribe of Indians of Wisconsin*, 836 F.3d

818, 822 (7th Cir. 2016) (noting that the question of sovereign immunity is not a jurisdictional one).

Although *pro se* complaints are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers," *Perez v. Fenoglio,* 792 F.3d 768, 776 (7th Cir. 2015) (quoting *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)), "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues)." *United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003) (quoting *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991)).

*B. Waiver of Sovereign Immunity*

Even if Plaintiff's pleadings could be discerned to contain any plausible federal claim under a relevant federal provision, *see United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 3d 374, 378 ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."), Plaintiff has failed to identify a waiver of sovereign immunity for either of his claims. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)) ("[T]he United States, as sovereign, is immune from suit save as it consents to be sued."). The Federal Tort Claims Act ("FTCA") waives the sovereign immunity of the United States for tort claims against its employees. 28 U.S.C. § 2674 ("The United States shall be liable … to tort claims in the same manner and to the same extent as a private individual under like circumstances."). But Plaintiff has not followed the FTCA's procedural

requirements here. The FTCA does not allow claims against the United States "unless the claimant shall have first presented the claim to the appropriate Federal Agency and his claim shall have been finally denied." 28 U.S.C. § 2765; *McNeil v. United States*, 508 U.S. 106, 113 (1993) (holding that the FTCA bars claimants from bringing suit until they have exhausted their administrative remedies).

Plaintiff does not indicate whether he has instituted an administrative action against the DOE. However, Defendant notes that Plaintiff requested a hearing on his wage garnishment on June 8, 2018, the same day he filed his complaint. (Brief in Support of Defendant's Motion to Dismiss, ECF No. 17, at 7 n.1.) The Court has not been presented with any information suggesting that this agency action has been "finally decided." Thus, Plaintiff's case must be dismissed as he has not shown he has exhausted his administrative remedies.

Even if the Plaintiff had followed the FTCA's procedural requirements, his claims would be barred by the Higher Education Act (the "HEA"). The HEA authorizes suits against the Secretary of the DOE "in any district court of the United States . . . but no attachment, injunction, garnishment, or other similar process . . . shall be issued against the Secretary." 20 U.S.C. § 1082(a)(2). Plaintiff has not filed a claim against the Secretary, which is enough to defeat any claim under the HEA. But there is more. Although the Administrative Procedure Act ("APA") waives sovereign immunity in claims for injunctive relief against the United States, claims cannot be brought if "any other statute that grants consent to suit expressly or impliedly forbids the relief

6

which is sought." 5 U.S.C. § 702. Here, the HEA expressly forbids the injunctive relief Plaintiff seeks.

In his Complaint, Plaintiff asks for injunctive relief in the form of: ordering the DOE to (1) produce documents proving money was loaned to him, (2) produce documents proving Plaintiff has satisfied his debt, (3) cease garnishing Plaintiff's wages, (4) honor Plaintiff's security bond, (5) and stop trespassing. (Compl. ¶ D, ECF No.1.) Plaintiff's claim, in essence, asks that DOE be ordered to stop garnishing his wages to satisfy his student loan debt. Such relief would come in the form of an injunction by the Court. Because the HEA does not waive the Secretary of Education's sovereign immunity in regards to injunctive relief, Plaintiff's claims must be dismissed.

*C. Fraud*

Even if Plaintiff's fraud claim was not barred under the HEA, it would still fail for failing to state a claim upon which relief can be granted. Plaintiff alleges a claim of "fraud and deceit of material facts which arose from silence where there was a duty to speak the truth." (Compl. ¶ B, ECF No. 1 at 3.) Read charitably, Plaintiff appears to allege a claim for constructive fraud. Under Indiana law, the elements of an action for constructive fraud are:

> 1) a duty owing by the party to be charged to the complaining party due to their relationship; 2) violation of that duty by the making of deceptive material misrepresentations of past or existing facts or remaining silent when a duty to speak exists; 3) reliance thereon by the complaining party; 4) injury to the complaining party as a proximate result thereof; and 5) the gaining of an advantage by the party to be charged at the expense of the complaining party.

7

*Heyser v. Noble Roman's Inc.*, 933 N.E.2d 16, 19–20 (Ind. Ct. App. 2010). In addition to pleading the elements of constructive fraud under Indiana law, Plaintiff must also state with "particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

Although the factual bases of Plaintiff's claims are not entirely clear from his Complaint, he appears to allege that the DOE committed fraud by not honoring his security bond as payment for his student loans and continuing to garnish his wages. (Compl. ¶ B, ECF No. 1 at 2-3.) Assuming, *arguendo*, that the DOE owed a duty to Plaintiff, it did not violate this duty by remaining silent, as Plaintiff alleges. In fact, Plaintiff himself includes in his pleading that the DOE specifically stated that "the bond for discharge is not accepted." (Pl.'s Br 1., ECF No. 28.) If the DOE had a duty to speak when Plaintiff tendered his security bond, it satisfied this duty by promptly notifying Plaintiff that the bond was not accepted.

Plaintiff's Complaint does not state a valid claim for constructive fraud, nor does it state with "particularity" the circumstances that constitute fraud. *See* Fed. R. Civ. P. 9(b). His complaint is rife with conclusory and meaningless allegations such as, "the Plaintiff is held involuntarily … to a condition of involuntary servitude satisfying illicit obligations," and that the DOE is "forcing one by legal coercion to satisfy such an obligation, or *holding him* otherwise under a system of peonage" (emphasis in original). (Compl. ¶ B, ECF No. 1 at 2.) The Court is left to guess at what the Plaintiff means by these statements, as they contain no substantive factual allegations.

Plaintiff has not pleaded enough facts at this stage to bring an action of fraud against the DOE.

## IV. Conclusion

Because this Court does not have jurisdiction over this matter, and because Plaintiff failed to state a claim upon which relief can be granted, Defendant's Motion to Dismiss (ECF No. 16) is **granted**. Plaintiff shall have until **November 12, 2019** to file an amended complaint or otherwise show cause why this case should not be dismissed with prejudice for lack of subject-matter jurisdiction and for failure to state a claim. In doing so, Plaintiff must clearly identify the federal constitutional or statutory provision(s) giving rise to his claims. Failure to do so will result in a dismissal with prejudice without further notice.

**SO ORDERED.**

Date: 9/30/2019

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

FRANKLIN H. LAWRENCE, JR.
4221 Ansar Lane
Indianapolis, IN 46254

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Gina.Shields@usdoj.gov

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov